**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN THOMAS BRAGG, | : | |
| | : | Civil Action No. 07-4194 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SHIRLEY TYLER, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> JOHN THOMAS BRAGG, Plaintiff Pro Se
> # 500897
> Mercer County Correction Center
> P.O. Box 8068
> Trenton, New Jersey 08650

**PISANO**, District Judge.

Plaintiff John Thomas Bragg, currently confined at the Mercer County Correction Center in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Plaintiff initially submitted his Complaint without a complete application to proceed in forma pauperis ("IFP").  On September 7, 2007, this Court issued an Order denying plaintiff's IFP application without prejudice, and administratively terminating the action.  The Order also gave plaintiff thirty (30) days to submit a complete IFP application with his prison account statement and affidavit of indigency if he wished to re-open his case.

On September 14, 2007, the Clerk's Office received plaintiff's complete IFP application with his six-month prison account statement, and on September 17, 2007, an amended Complaint was submitted by plaintiff, requesting that his case be re-opened.  On September 24, 2007, this Court issued an Order re-opening the case in order for the Court to entertain plaintiff's application for pauper status and to screen the amended statement of facts pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

It appearing that plaintiff qualifies to proceed in forma pauperis, the Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to file the Complaint without prepayment of fees.

Having reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should be dismissed.

## I.   BACKGROUND

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

2

Plaintiff John Thomas Bragg ("Bragg") names the following defendants in his Complaint: Shirley Tyler, Warden at Mercer County Correction Center ("MCCC"); John Doe, Head of Maintenance at MCCC; John Doe, Medical Director at MCCC; and John Doe, M.D., at MCCC. (Complaint, Caption and ¶¶ 4b-f). Bragg alleges that, on or about July 30, 2007, he slipped and fell on the ceramic floor in the shower at MCCC. In an attempt to break his fall, Bragg reached out with his right hand. His hand fractured as a result of his fall. (Compl., ¶ 6).

Bragg asserts that his fall and resulting injury was the direct result of the bathroom's "antiquated conditions," *i.e.*, no slip resistant material on a slippery tiled floor, no rail guards, and poorly maintained shower fixtures, which caused leaky shower diverters and broken shower heads. (Compl., ¶ 6).

Bragg next alleges that he was promptly examined by the medical doctor at MCCC for his injured hand and wrist, and was scheduled for x-rays the next day. The doctor allegedly told plaintiff that the x-rays did not reveal a fracture, but the doctor referred plaintiff to an orthopedic surgeon. Bragg continued to suffer pain in his right hand and wrist. On or about August 23, 2007, plaintiff had a second set of x-rays taken of his hand and wrist. On August 27, 2007, having reviewed the second x-rays, the doctor informed plaintiff that his hand and wrist were fractured. Bragg also was told that arthritis had

settled in the injured area.  The doctor again referred plaintiff for a consult with an orthopedic surgeon.  (Compl., ¶ 6).

On September 8, 2007, Bragg was examined by an orthopedic doctor at Helene Fuld Medical Center.  The orthopedic doctor confirmed that Bragg had a broken hand and that the bone protruding along the side of his right hand needed to be re-broken and set during surgery.  Bragg alleges that he continues to suffer pain on a constant basis, loss of sleep, and interference with his daily activities.  (Amendment to Complaint, Docket Entry No. 5).

Bragg asserts that defendant, Warden Tyler, failed to maintain a safe living environment in violation of state and federal standards.  He also claims that the John Doe, M.D. failed to diagnose his fracture, thereby causing plaintiff to suffer permanent arthritis to the injured area of his hand.  Finally, Bragg contends that the MCCC Medical Director failed to immediately follow the doctor's written order for an orthopedic consult, which caused a further delay in properly diagnosing plaintiff's injury.  (Compl., ¶¶ 4b-f).

Bragg seeks about $1 million in compensatory damages from the defendants for pain and suffering, loss of future wages and medical expenses.  (Compl., ¶ 7).  He also seeks an order directing that an orthopedic consultation be scheduled immediately; however, in his amendment to the Complaint (Docket

4

Entry No. 5), plaintiff indicates that he was examined by the orthopedic specialist on September 8, 2007. Therefore, this request for injunctive relief is now moot.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

5

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

III.   <u>SECTION 1983 ACTIONS</u>

Plaintiff bring this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   <u>ANALYSIS</u>

A.   <u>Failure to Protect Claim</u>

Prison officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of the inmates." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  To state

7

a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. <u>Id</u>. at 834.

To prevail on a failure to protect claim under 42 U.S.C. § 1983, an inmate must show that he is "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant was deliberately indifferent to the risk. <u>Id</u>. at 833, 837. To establish deliberate indifference, a plaintiff must show that the prison official was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it. <u>Id</u>. at 837. "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." <u>Beers-Capitol v. Whetzel</u>, 256 F.3d 120, 133 (3d Cir. 2001). Knowledge may be shown where the official has actual notice of the risk, <u>Nami v. Fauver</u>, 82 F.3d 63, 67-68 (3d Cir. 1996), or where the risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and must have known about it." <u>Farmer</u>, 511 U.S. at 842.

Here, Bragg simply asserts that defendant Warden Tyler was negligent for failing to maintain a safe environment at MCCC. Claims of negligence, without a more culpable state of mind, do

8

not constitute deliberate indifference.  See Singleton v.
Pennsylvania Dept. Of Corrections, 266 F.3d 186, 193 n.2 (3d Cir.
2001).  Although a wet tile floor in the shower area may pose a
substantial risk, Bragg's allegations against the Warden do not
reflect the deliberate indifference required to impose liability
under the Eighth Amendment.  Accordingly, this Court finds that
Bragg's claim of negligence is not actionable under § 1983.[1]

B.   Denial/Delay of Medical Care Claim

      The Eighth Amendment proscription against cruel and unusual
punishment also requires that prison officials provide inmates
with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-
04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  In
order to set forth a cognizable claim for a violation of his
right to adequate medical care, an inmate must allege:  (1) a
serious medical need; and (2) behavior on the part of prison
officials that constitutes deliberate indifference to that need.
Estelle, 429 U.S. at 106; Natale v. Camden County Correctional
Facility, 318 F.3d 575, 582 (3d Cir. 2003).

      To satisfy the first prong of the Estelle inquiry, the
inmate must demonstrate that his medical needs are serious.

---

      [1]   See also Daniels v. Williams, 474 U.S. 327 (1986)(holding
that the Due Process Clause of the Fourteenth Amendment is not
implicated by the lack of due care of an official causing
unintended injury to life, liberty or property).  In Daniels, the
Court found that an inmate who was injured when he slipped on a
pillow negligently left on the stairs by the deputy sheriff does
not state a claim under § 1983.

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective

10

dissatisfaction with his medical care does not in itself indicate deliberate indifference.  Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment.  See Rouse, 182 F.3d at 197.  The court also has held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment.  Atkinson, 316 F.3d at 266.  See

11

also <u>Monmouth County Correctional Institutional Inmates</u>, 834 F.2d
at 346 ("deliberate indifference is demonstrated '[w]hen ...
prison authorities prevent an inmate from receiving recommended
treatment for serious medical needs or deny access to a physician
capable of evaluating the need for such treatment'"); <u>Durmer v.
O'Carroll</u>, 991 F.2d 64 (3d Cir. 1993); <u>White v. Napoleon</u>, 897
F.2d 103 (3d Cir. 1990).

Here, Bragg may be able to show a serious medical problem
because he has alleged that his hand was fractured and needs
corrective surgery.  However, the facts as alleged by plaintiff
do not show that the prison doctors and medical administrative
officials were deliberately indifferent to Bragg's serious
medical need or delayed his medical treatment for non-medical
reasons.  Indeed, Bragg alleges only that defendants were
negligent in mis-diagnosing plaintiff's hand injury.  Allegations
of negligent treatment are medical malpractice or medical
negligence claims, and do not trigger constitutional protections.
<u>Estelle</u>, 429 U.S. at 105-06.  As stated above, disagreements over
medical judgment, diagnoses, or treatment cannot form the basis
of an Eighth Amendment claim.  <u>See</u> <u>White</u>, 897 F.2d at 110.

In this case, Bragg has stated that he received immediate
medical care and treatment after his injury.  He had x-rays taken
promptly, but the doctor failed to see a fracture.  After
plaintiff continued to complain of pain, he received medical

12

attention and was sent for another x-ray.  He also was scheduled
for an orthopedic consultation.  The second x-ray revealed that
plaintiff had sustained a fracture and his hand had to be re-
broken and reset.  The Court finds that the medical treatment
provided was prompt and does not reflect any deliberate
indifference on the part of the defendants in treating Bragg's
injury; nor do the allegations show that there was a delay in
treatment for non-medical reasons.  Rather, the only complaint by
plaintiff is that the first doctor mis-diagnosed the injury to
plaintiff's hand because he failed to notice the fracture.  This
contention is simply a claim of medical negligence and is not
actionable under § 1983.  Accordingly, this claim will be
dismissed for failure to state a claim upon which relief may be
granted.

C.  <u>No Diversity Jurisdiction Over Negligence Claims</u>

Finally, this Court finds that no diversity jurisdiction
exists in this matter if Bragg's Eighth Amendment claims were
construed as simple negligence (slip and fall) and medical
negligence or medical malpractice under state law.  Bragg can
bring such common law claims in federal district court pursuant
to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the
sum or value of $75,000, and is between citizens of different
states.  It has long been recognized that, to found jurisdiction
upon § 1332, there must be complete diversity among all parties,

*i.e.,* each plaintiff must be a citizen of a different state from each defendant.  Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365 (1978).  In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction.  Id.

Here, there does not appear to be diversity of jurisdiction between the plaintiff and all of the defendants.  Bragg is currently confined in MCCC in New Jersey, and the defendants all do business in New Jersey and are employed at the MCCC where the injury occurred.[2]  These facts suggest that one or more of the defendants likely reside in the State of New Jersey.  Therefore, because complete diversity appears to be lacking, the Court has no subject matter jurisdiction over any state law claim that may be construed from the Complaint against these defendants, pursuant to 28 U.S.C. § 1332(a).  Bragg may seek to reopen this case if he can show facts to support diversity jurisdiction.

## V. CONCLUSION

Therefore, for the reasons expressed above, the Court will dismiss the Complaint without prejudice at this time for failure to state a claim upon which relief may be granted, pursuant to 28

---

[2]  Bragg does not provide the domicile or residence of any of the defendants.

U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  To the extent that Bragg alleges only state law claims against the defendants, the Complaint is dismissed for lack of subject matter jurisdiction.  An appropriate Order follows.


/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated:    October 4, 2007

15